UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ROBIN LEE SHERWOOD,<br><br>                Petitioner,<br><br>      v.<br><br>STU SHERMAN, Acting Warden,<br><br>                Respondent. | No. ED CV 11-1728-CJC (PLA)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

**I.**

**INTRODUCTION**

On January 14, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R") in this matter in which he recommended that the Petition be dismissed with prejudice. On March 31, 2015, petitioner filed his objections to the R&R ("Objections"), and an application for a certificate of appealability. (Docket No. 72).

/

/

/

/

/

## II.

## DISCUSSION

The Court rejects petitioner's claim that the California Court of Appeal's denial of Ground One on direct appeal is not entitled to AEDPA deference under 28 U.S.C. § 2254(d). (See Objections at 2-3). A state court's failure to cite federal law, or failure to even be aware of relevant federal law, does not render the state court decision "contrary to" federal law within the meaning of the AEDPA. See Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam). As long as neither the reasoning nor the result of the state court decision contradicts clearly established federal law (as is the case here), the state court's result will be entitled to deference under AEDPA. Id.

The Court also rejects petitioner's arguments in Grounds One and Three that he need not show prejudice because he was completely "abandoned" by counsel. (See Objections at 3-4, 6). Petitioner has made no showing that his attorney had an actual conflict of interest or that his representation was so deficient as to amount to a constructive denial of counsel or structural error. See Schell v. Witek, 218 F.3d 1017, 1027-28 (9th Cir. 2000) (holding that if a serious conflict between a defendant and his attorney does not rise to the level of a constructive denial of counsel, a petitioner must prove he was prejudiced by the conflict) (citing Strickland v. Washington, 466 U.S. 668, 691-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

## III.

## CONCLUSION

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the magistrate judge's report and recommendation, and petitioner's objections to the report and recommendation. The Court has engaged in a de novo review of those portions of the report and recommendation to which objections have been made. The Court accepts the recommendations of the magistrate judge.

/

/

ACCORDINGLY, IT IS ORDERED:

1. The report and recommendation is accepted.
2. Judgment shall be entered consistent with this order.
3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: April 7, 2015

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE