**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| ROBIN LEE SHERWOOD, | No. ED CV 11-1728-CJC (PLA) |
| Petitioner, | |
| v. | **PROTECTIVE ORDER PURSUANT TO BITTAKER** |
| GEORGE NEOTTI, Warden, | |
| Respondent. | |

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003). The waiver is narrow: the use of privileged communications is limited to the adjudication of the ineffective assistance of counsel claim in federal court. Id. at 722. When discovery of attorney-client materials is permitted, "district courts have the obligation . . . to ensure that the party given such access does not disclose these materials, except to the extent necessary in the habeas proceeding[.]" Id. at 727-28. Pursuant to Bittaker, the Court orders the following to ensure that all privileged attorney-client communications and/or work product information disclosed in this matter be used only for purposes of litigating this habeas action:

**IT IS HEREBY ORDERED** that any and all documents and materials (hereinafter "documents") from defense counsel's file that petitioner produces to respondent in connection with petitioner's claim of ineffective assistance of counsel shall be deemed to be **confidential**. These documents may be used only by representatives from the Office of the California Attorney General and the Office of the Federal Public Defender and only for purposes of any proceedings incident to litigating the claims presented in the Petition for Writ of Habeas Corpus pending before this Court. Disclosure of the contents of the documents and the documents themselves may not be made to any other persons or agencies, including any other law enforcement or prosecutorial personnel or agencies, without an order from this Court. This Order shall continue in effect after the conclusion of this habeas corpus proceeding and specifically shall apply in the event of a retrial of all or any portion of petitioner's criminal case, except that either party maintains the right to request modification or vacation of this Order upon final entry of judgment.[1] See Fed.R.Civ.P. 26(c); Habeas Rule 6(a); Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003).

DATED: January 10, 2019

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[1] "The courts of California remain free, of course, to determine whether [petitioner] waived his ... privilege on some basis *other than* his disclosure of privileged information during the course of the federal litigation. In addition, if the district attorney is able to obtain the privileged materials through a source other than the Attorney General's office, he would be free to present them to the state court and seek a ruling on their admissibility. [This court's] [O]rder simply precludes a party before it from misusing materials it obtained for a limited purpose[.]" Bittaker, 331 F.3d at 726-27 (emphasis in original).